**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re* **Jeffrey A. Felix and** | ) | **CASE NO.  1:19 CV 2264** |
| **Stacy D. Felix,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Debtors** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |

### INTRODUCTION

This matter is before the Court upon Zipkin Whiting Co., LPA's appeal of the

September 27, 2019 Order of the United States Bankruptcy Court for the Northern District of

Ohio ("bankruptcy court").  For the following reasons, the decision of the bankruptcy court is

AFFIRMED.

### FACTS

Jeffrey and Stacy Felix ("debtors") filed their petition for relief under Chapter 7 of the

Bankruptcy Code on October 18, 2018.  Robert D. Barr ("appellee") was appointed as the

Chapter 7 trustee.[1]

In 2001, prior to filing bankruptcy, debtors filed two lawsuits against Ganley Chevrolet, Inc. and Ganley Management Company (referred to collectively as "Ganley") in the Cuyahoga County Court of Common Pleas ("state court"). These lawsuits remained pending in state court at the time the debtors' Chapter 7 bankruptcy petition was filed. Zipkin Whiting Co., LPA ("appellant") represented debtors in both lawsuits filed against Ganley. According to a contingency fee agreement between debtors and appellant, appellant was due 50% of any recovery received by debtors in the lawsuits pending against Ganley. Prior to the filing of the Chapter 7 petition, appellant had not obtained a judgment or settlement funds from these lawsuits.

These pending claims against Ganley were listed as assets in debtors' bankruptcy estate. Appellee was able to negotiate a settlement with Ganley to resolve these claims. Appellant did not file a proof of claim as a creditor. On April 4, 2019, appellee filed a Motion to Approve Compromise, requesting that the bankruptcy court authorize him to enter into a settlement agreement with Ganley to resolve the claims pending in state court. On April 26, 2019, debtors and appellant jointly filed an objection to appellee's Motion to Approve Compromise.[2]

On September 23, 2019, the bankruptcy court held an evidentiary hearing regarding the Motion to Approve Compromise and the related objection made by debtors and appellant. The bankruptcy court granted the appellee's Motion to Approve Compromise and struck the

---

[1]    The Court bases its recitation of the facts on the docket of the United States Bankruptcy Court for the Northern District of Ohio Case No. 18-16287.

[2]    The Court notes that the debtors are not a party to this appeal. Rather, it is solely Zipkin Whiting that presents this appeal as a party in interest.

objection. During the hearing, the bankruptcy court observed appellant had never filed a proof of claim and concluded appellant did not have standing to object to the settlement. An order granting the Motion to Approve Compromise was entered on September 27, 2019.

Appellant filed a Notice of Appeal to this Court on September 30, 2019. On October 4, 2019, appellant filed a Motion to Stay in the bankruptcy court. The bankruptcy court held a hearing on the Motion to Stay on December 10, 2019. The bankruptcy court has not granted a stay as of the date of this opinion.

Appellant appeals the bankruptcy court's September 27, 2019 order. However, appellant is not challenging the decision of the bankruptcy court to approve the compromise. Rather, appellant is only challenging the bankruptcy court's finding that appellant lacked standing to object to the Motion to Compromise.

Appellant and appellee have briefed the issue which is now pending before this Court.

**STANDARD OF REVIEW**

A district court, in resolving a bankruptcy appeal, "must accept [the bankruptcy judge's] findings of fact unless they are found to be clearly erroneous." *In re G–P Plastics, Inc.*, 320 B.R. 861, 864 (Bankr. E.D. Mich. 2005). *See also In re Boland*, 946 F.3d 335, 340 (6th Cir. 2020). However, conclusions of law are subject to *de novo* review. *In re Oakes*, 917 F.3d 523, 528 (6th Cir. 2019); *Smith v. U.S. Bank*, 2020 WL 607638, *2, n 6 (N.D. Ohio 2020). *See also In re Wolf*, 331 B.R. 256, 260 (Bankr. E.D. Mich. 2005) ("The appropriate standard of review of the bankruptcy court's conclusions of law is *de novo*. In contrast, findings of fact entered by the bankruptcy court will not be set aside unless clearly erroneous, with due regard given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")(citations omitted).

**ISSUE PRESENTED BY APPELLANT**

1. **Does an entity need to file a proof of claim to have standing to object to a motion to compromise?**

The Court reviews this issue *de novo*, as standing is a question of law. *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 523 (6th Cir. 2001). Appellant argues that the bankruptcy court erred in finding that it does not have standing to object to the Motion to Approve Compromise. It argues that the contingency fee agreement with debtors operates as an equitable lien. It asserts this equitable lien creates a pecuniary interest and practical stake in the Motion to Approve Compromise and, therefore, it has standing to object to it. It maintains that the failure to file a proof of claim does not impact this standing. Finally, appellant argues that because it is a secured creditor it is not required to file a proof of claim to object to the Motion.

Appellee maintains that the bankruptcy court was correct in finding that appellant lacks standing to object to the Motion to Approve Compromise. Appellee asserts that even if appellant has an equitable lien, such liens are not enforceable in bankruptcy proceedings. Appellee notes that appellant may have a general unsecured claim for pre-petition legal services, but argues appellant lacks standing because it has not filed a proof of claim.

Upon the filing of a Chapter 7 bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a); *In re Graham Square, Inc.*, 126 F.3d 823, 831 (6th Cir. 1997). This includes pending pre-petition lawsuits. Accordingly, if a debtor has a pending pre-petition lawsuit on the date they filed bankruptcy, "100% of any subsequent proceeds become property of the estate under § 541(a) on that date." *In re Jeter*, 2014 WL 993043, *8 (Bankr. E.D. Tenn. 2014). *See also In re Cox*, 381 B.R. 525, 527 (Bankr. E.D. Tenn. 2008). The debtor no longer

4

has control over the litigation and the disposition of the claim becomes the fiduciary responsibility of the trustee. *In re Richendollar,* 2007 WL 1039065, *6 (Bankr. N.D. Ohio 2007).

It is the trustee, not the debtor, who is authorized to negotiate settlements in pre-petition lawsuits on behalf of the estate. *Id.* These settlements are subject to the approval of the bankruptcy court. Fed. R. Bank. P. 9019(a). A creditor, or other party in interest, may object to the proposed compromise or settlement, but the objection is not controlling and will not prevent approval by the bankruptcy court. *In re Carson*., 82 B.R. 847, 852 (Bankr S.D. Ohio. 1987).

In order to have standing to make an objection to a proposed compromise or settlement, an individual or entity must qualify as a party in interest. *See* 11 U.S.C. § 502(a); *In re Huggins*, 460 B.R. 714, 717 (Bankr. E.D. Tenn 2011). The Bankruptcy Code does not define party in interest. *In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich 2017). However, the Sixth Circuit Bankruptcy Appellate Panel has described the term as those persons with a practical stake or pecuniary interest in the outcome of the bankruptcy proceedings. *In re O'Donnell*, 2005 WL 1279268, *5 (6th Cir. BAP 2005); *Morton v. Morton* (*In re Morton*), 298 B.R. 301, 306 (6th Cir. BAP 2003). *See also In re Huggins*, 460 B.R. at 717 ("Courts have interpreted the term to include all persons whose pecuniary interest are directly affected by the bankruptcy proceedings.") (internal quotations omitted).

Upon *de novo* review, this Court agrees with the bankruptcy court that appellant lacked standing to object to the Motion to Approve Compromise. Appellant asserts that its pre-petition contingency fee agreement operates as an equitable lien under Ohio law. Appellant maintains this lien creates a pecuniary interest in the outcome of the trustee's negotiated settlement.

However, equitable liens are not enforceable in bankruptcy proceedings. *In re Minor*, 443 B.R. 282, 290 (Bankr. W.D. NY 2011) (a holder of an equitable lien "possesses no lien that it can enforce against a bankruptcy trustee"); *In re Bell*, 194 B.R. 192, 196 (Bankr. S.D. Ill 1996) ("equitable liens arising under state law are contrary to the letter and purpose of the Bankruptcy Code and are, therefore, ineffective against a trustee's §544(a) avoiding powers"); *In re Anderson*, 266 B.R. 128, 134 (Bankr. N.D. Ohio 2001)("an equitable lien . . . will not defeat a bankruptcy trustee's interest in the debtor's property"); *In re Hendleman*, 91 B.R. 475, 476 (Bankr. N.D. Ill.1988) (an equitable lien can never survive attack by a Chapter 7 Trustee); *In re Owens*, 2010 WL 2228244, *1 (Bankr. E.D. Ky 2010); *In re Roberts*, 2009 WL 2169049, *2 (Bankr. N.D. Ohio 2009). Accordingly, even if appellant could establish that such a lien exists, it cannot provide a basis for standing in debtors' bankruptcy proceedings.

Appellant also argues that because it has been litigating the debtors' pending lawsuits since 2001 and has "advanced almost $8,000," it has "a practical stake in" the Motion to Compromise and settlement. It maintains that appellee's settlement is not "fair and equitable to the bankruptcy estate" because the pending state court lawsuits could be settled for a higher dollar amount. Appellant is correct that appellee has a duty to maximize the estate for the benefit of debtors' creditors. However, appellant has never filed a proof of claim as a creditor. While appellant may be considered an unsecured creditor for pre-petition legal services, because it never filed a proof of claim, it will not be entitled to share in any distribution from the bankruptcy estate. *See* Fed. R. Bank. Pr. 3002(a). Accordingly, appellant has no interest in the outcome of the debtors' bankruptcy proceedings and, therefore, no standing to object. *See In re West Pointe Properties*, L.P., 249 B.R. 273, 282 (Bankr. E.D. Tenn 2000) ("Traditionally, when

ruling on matters affecting the distribution of the estate, courts have refused to consider the objections of parties whose claims against the debtor have not been filed or approved.")

Appellant maintains that a failure "to file a proof of claim does not affect standing" because standing depends upon "the particular factual context." The Court agrees that there are other ways to be considered a party in interest beyond filing a proof of claim. *See In re Morton*, 298 B.R. at 307 (finding husband to the debtor had standing to file response to objection because he could be liable for some of the debts contained within the bankruptcy petition). However, a party in interest is not any individual or entity with an indirect connection to any asset or legal proceeding associated with the debtor. Rather, it is those individuals or entities who are "directly affected by the *bankruptcy proceedings*." *In re Huggins*, 460 B.R. at 717 (emphasis added). Here, because appellant has not filed a proof of claim and does not have an enforceable lien against the estate, it will not be entitled to any distribution. Therefore, appellant has not established any pecuniary interest or practical stake in the outcome of debtor's bankruptcy proceedings. *See Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002) (finding no pecuniary interest "because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor").

Finally, appellant argues that it is a secured creditor by virtue of its equitable lien and, therefore, a proof of claim is not required. While it is true that a secured creditor is not required to file a proof of claim to preserve a lien, Fed. R. Bank. Pr. 3002(a), appellant does not have an enforceable equitable lien against the bankruptcy estate, as discussed above. Moreover, with respect to pre-petition legal services, "there is no lien until a fund is created in some matter, whether through judg[]ment, arbitration, or settlement, upon which the lien can attach." *In re*

7

*Richendollar*, 2007 WL 1039065 at *4(finding an attorney with a contingency fee agreement which predated a Chapter 7 petition was not a secured creditor because there was no fund or settlement until after the commencement of bankruptcy proceedings).  There is no evidence that any such fund existed at the commencement of debtors' Chapter 7 proceedings that would have created a secured interest for appellant.  Therefore, appellant is a not a secured creditor.

Accordingly, the Court finds that the bankruptcy court did not err in finding appellant lacked standing to object to appellee's Motion to Approve Compromise.

## **CONCLUSION**

For the foregoing reasons, the bankruptcy court's Order is AFFIRMED.


IT IS SO ORDERED.



 */s/Patricia A. Gaughan*
PATRICIA A. GAUGHAN
United States District Judge
Date:   2/14/2020    Chief Judge